Waudlaw J.
delivered the opinion of the Court.
In consideration of the cattle sold to him, the defendant made hi s promise to the plaintiff that he would pay one half of the note which the plaintiff and his surety had previously given to Dixon. Such a promise unknown to Dixon gave no right to Dixon against the defendant, and not being made to the person to whom another was answerable, is not within the Statute of Frauds, (11 Ad. & Ellis, 438.) Whether by the promise the payment was to have been made to Dixon or to the plaintiff, the promise was broken when the note became due and was not paid. Then, or upon the expiration of a reasonable time afterwards, the plaintiff might have sued for breach of the promise. The measure of damages in such suit would have been the real value of half the note; if the plaintiff had not paid to Dixon before his suit, in reference to the Statute of Limita, tions, the inquiry would have been, when did the breach of the promise take place, not when did special damage accrue; and if the plaintiff and his surety had been unable to pay, no substantial loss would have accrued from the breach of the special contract, and no substantial recovery could have been had. By postponing the payment, for which Dixon could look to him only, the plaintiff could not prevent the operation of the Statute of Limitations upon the promise which the defendant had made and had broken; Chitty on Cont., 637. The subsequent payment of money by the plaintiff to Dixon, (although for that amount of money the defendant was liable to the plaintiff) could raise no implied assumpsit by the defendant to the plaintiff for money paid and advanced, because there was no liability ofthe defendant to Dixon, and therefore no request by defendant that plaintiff should pay for him; Chit. on Con., 472. The only remedy of the plaintiff was for cattle sold, or on his special contract; and either of these is barred by the Statute of Limitations.
The motion is dismissed.
Richardson J., Evans J., and Frost J., concurred.